## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**ANTHONY RODGERS**                                                   **PLAINTIFF**


**V.**                      **NO. 4:23-cv-00792-LPR-ERE**

**TIMOTHY WILSON**                                                    **DEFENDANT**

### RECOMMENDED DISPOSITION

**I.      Procedure for Filing Objections:**

This Recommendation has been sent to United States District Judge Lee P.

Rudofsky. You may file written objections to all or part of this Recommendation.

Any objections filed must: (1) specifically explain the factual and/or legal basis for

the objection; and (2) be received by the Clerk of this Court within fourteen (14)

days of the date of this Recommendation. If you do not object, you risk waiving the

right to appeal questions of fact and Judge Rudofsky can adopt this Recommendation

without independently reviewing the record.

**II.     Background:**

*Pro se* plaintiff Anthony Rodgers, formerly a pre-trial detainee in the Pope

County Detention Center ("Detention Center"), filed this civil rights lawsuit under

42 U.S.C. § 1983. *Docs. 2, 8*. Mr. Rodgers is currently proceeding on a due process

claim against Officer Timothy Wilson in his individual capacity. Mr. Rodgers

alleges that Officer Wilson convicted him of a disciplinary violation without

allowing him to present witnesses or a statement on his behalf.[1]

Officer Wilson has filed a motion for summary judgment, brief in support, and statement of undisputed facts arguing that Mr. Rodgers' claim against him fails as a matter of law. *Docs. 35, 36, 37*. Mr. Rodgers has not responded to the motion, and the time for doing so has passed. *Doc. 38*. Officer Wilson's motion is ripe for review.

For the reasons explained below, I recommend that Officer Wilson's motion be granted and judgment entered in his favor.

## III.   Discussion

### A.   Summary Judgment Standard

Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. See FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc*., 477 U.S. 242, 249-50 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. Once that has been done, the nonmoving party must

---

[1] The Court previously dismissed Mr. Rodgers' claims regarding racial harassment and discrimination, as well as Officer Wilson's threat to restrict his television and telephone privileges, based on his failure to state a plausible constitutional claim for relief. *Doc. 19*. In addition, the Court dismissed Mr. Rodgers' official capacity claims against Officer Wilson based on his failure to state a plausible constitutional claim for relief. *Id*.

come forward with specific facts demonstrating that there is a material dispute for trial. See FED. R. CIV. P. 56(c); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011). A party is entitled to summary judgment if - but only if - the evidence shows that there is no genuine dispute about any fact important to the outcome of the case. See FED. R. CIV. P. 56; *Odom v. Kaizer*, 864 F.3d 920, 921 (8th Cir. 2017).

### B.     Mr. Rodgers' Version of Events

Mr. Rodgers' amended complaint alleges that, on August 13, 2023, Officer Wilson ordered him to remove writing off a Detention Center wall. When Mr. Rodgers refused to obey Officer Wilson's order, Officer Wilson wrote Mr. Rodgers a disciplinary for "insolence to staff & lying to staff." *Doc. 8 at 5*. As a result of the disciplinary conviction, Mr. Rodgers lost privileges for five days. He complains that in defending himself against the disciplinary charge he was not able to write a statement or present witnesses.

### C.     Due Process Claim – Individual Liability

A pretrial detainee cannot be punished for a disciplinary infraction without due process. *Higgs v. Carver*, 286 F.3d 437, 438 (7th Cir. 2002). "In the pretrial detainee context, due process includes 'written notice of the charges, a written statement of the evidence relied on and the reasons for the action, and an opportunity to call witnesses and present documentary evidence.' . . . These requirements track

those in *Wolff v. McDonnell*, 418 U.S. 539, 563–67 (1974)." *Rupert v. Boyd*, 2018

WL 1778471, at *1 (E.D. Ark. Apr. 13, 2018) (internal citations omitted)

The disciplinary hearing papers attached to Officer Wilson's motion for

summary judgment show that a non-party, Sergeant M. Boze, found Mr. Rodgers

guilty of the disputed disciplinary charges. *Doc. 37-5 at 9*. In addition, Officer

Wilson submits an affidavit acknowledging that he while he initiated the disciplinary

by writing the initial report, he was not involved in "any of the disciplinary actions

taken towards Anthony Rodgers." *Doc. 37-7 at 2*. Officer Wilson also testifies that:

(1) "it is not [his] responsibility to approve incident reports"; (2) it is not [his]

responsibility to approve disciplinary actions"; (3) "it is not his responsibility to

handle disciplinary matters, such as allowing Plaintiff to write a statement, allowing

Plaintiff to call witnesses, or information Plaintiff about his disciplinary charges,

either written or verbally"; (4) he was not "on shift when the disciplinary report was

approved"; and (5) he was not involved in the decision to discipline Mr. Rodgers for

his conduct. *Id*.

"Liability under section 1983 requires a causal link to, and direct

responsibility for, the deprivation of rights." *Clemmons v. Armontrout*, 477 F.3d 962,

967 (8th Cir. 2007). Mr. Rodgers fails to come forward with any evidence creating

a factual dispute that Officer Wilson had anything to do with the alleged

constitutional violations, which relate only to how the disciplinary charge was

resolved. Assuming Mr. Rodgers was denied the ability to call witnesses or to present a statement on his behalf, as alleged, the undisputed evidence demonstrates that Officer Wilson played no role in those decisions.

On this record, no reasonable juror could conclude that Officer Wilson violated Mr. Rodgers' due process rights. As a result, Mr. Rodgers' claim against Officer Wilson fails as a matter of law.

## IV.   Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.    Officer Wilson's motion for summary judgment (*Doc. 35*) be GRANTED and judgment be entered in favor of Officer Wilson.

2.    Mr. Rodgers' due process claim against Officer Wilson be DISMISSED, with prejudice.

3.    The Clerk be instructed to close this case.

SO ORDERED 23 August 2024.

_____
UNITED STATES MAGISTRATE JUDGE